UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Christopher A. Berman,

        Plaintiff,

vs.                                            Case No.  3:10-cv-718-J-32MCR

Thomas Kafka et al.,

        Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Defendants' Request for Production of Documents (Doc. 45), Motion to Strike Defendants' Request for Admissions (Doc. 46), and Motion for Protective Order for Deposition (Doc. 47) filed September 2, 2011.

Plaintiff's Motion to Strike Defendants' Request for Production of Documents (Doc. 45) and Motion to Strike Defendants' Request for Admissions (Doc. 46) request that the Court strike Defendants' discovery requests and demand them to re-issue amended requests. This request is improper for a various reasons. First, Plaintiff has failed to cite any legal authority in support of his request.[1] Next, a motion to strike in this situation is improper. If Plaintiff objects to Defendants' discovery requests he must do so in his responses to the requests, which he is required to submit to Defendants in the

---

[1] Pursuant to Local Rule 3.01(a): In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and *a memorandum of legal authority in support of the request* ..." (emphasis added).

-1-

time prescribed by the Federal Rules of Civil Procedure.  Although Plaintiff is proceeding *pro se*, he is still required to familiarize himself with the Federal Rules of Civil Procedure as well the rules of this Court.[2]  Finally, the Court has already addressed Defendants' discovery requests and directed Plaintiff to provide responses to said requests no later than September 14, 2011.  See (Doc. 44).

Similarly, Plaintiffs' Motion for Protective Order for Deposition (Doc. 47) is improper.  In said Motion, Plaintiff asks that his deposition be taken before the undersigned.[3]  This request in nonsensical.

Accordingly, after due consideration, it is

**ORDERED:**

1.	Plaintiff's Motion to Strike Defendants' Request for Production of Documents (Doc. 45) is **DENIED.**

2.	Plaintiff's Motion to Strike Defendants' Request for Admissions (Doc. 46) is **DENIED.**

3.	Plaintiff's Motion for Protective Order for Deposition (Doc. 47) is **DENIED.**

---

[2]The Court has already ordered that Plaintiff familiarize himself with these rules.  See (Doc. 10).  Future violations may result in sanctions.

[3]On September 1, 2011, this Court entered an Order directing the parties to communicate and reach an agreement regarding the date of Plaintiff's deposition.  If the parties were unable reach an agreement, the Court warned that it would schedule the deposition and have it conducted in this Court.  See (Doc. 44).  The Court was *not* stating that it would be present at or participate in the deposition; rather, the Court simply advised that it would schedule the date and place of the deposition because the parties could not reach a resolution on their own.  That being said, the Court hopes the parties can reach an agreement on such a simple issue without Court involvement.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  6th  day of September, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
*Pro Se* Plaintiff