UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Christopher A. Berman,

        Plaintiff,

vs.                                      Case No.  3:10-cv-718-J-32MCR

Thomas Kafka, et al.,

        Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendants' Motion to Compel (Doc. 43) and Defendants' Emergency Motion for an Order to Show Cause and for Contempt (Doc. 61) filed August 31, 2011 and September 16, 2011, respectively.

**I.**     **BACKGROUND**

On August 27, 2010, Plaintiff filed an Amended Complaint alleging, among other things, tortious interference with business relationships, fraud, slander, and libel. (Doc. 7). On June 21, 2011, the Court issued a Case Management and Scheduling Order including a discovery deadline of August 31, 2011. (Doc. 35). On July 18, 2011, Defendants' served Plaintiff with a Request for Production of Documents. See (Doc. 43-A). Plaintiff failed to timely respond or object to said discovery requests and did not request an extension of time. Thus, on August 31, 2011, Defendants filed the instant Motion to Compel (Doc. 43).

On September 1, 2011, this Court entered an Order requiring Plaintiff to, among other things, produce all documents responsive to Defendant's Request for Production of Documents for which Plaintiff has no valid legal objection no later than September 14, 2011. (Doc. 44). On September 16, 2011, Plaintiff served his response to Defendants' discovery requests, wherein he objected to every request and produced nothing. See (Doc. 61-B). Thus, that same day, Defendants filed the instant Motion for an Order to Show Cause and for Contempt.[1] (Doc. 61).

## II.    ANALYSIS

### A.    Defendants' Motion to Compel

Motions to compel discovery under Federal Rule of Civil Procedure 37(a) are committed to the sound discretion of the trial court. Reliance Ins. Co. v. Core Carriers, Inc., 2008 WL 2414041, *1 (M.D. Fla. 2008). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. Id.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986-87 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.

---

[1] The Court notes that Plaintiff is scheduled for a deposition on September 23, 2011. Plaintiff failed to appear at his initial deposition scheduled for August 26, 2011.

Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

Here, Plaintiff's Response to Defendants' Request for the Production of Documents contained objections to every request.  See (Doc. 61-B).  Upon review of Defendants' discovery requests and Plaintiff's objections, the Court finds Plaintiff's response woefully insufficient and improper.  Plaintiff has offered no excuse for his continual failure to follow the Rules of Civil Procedure or his refusal to participate in discovery.  See Fed. R. Civ. P. 37(d)(2) ("A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)").  Additionally, Plaintiff did not move for a protective order, object to, or respond to the discovery at issue before the discovery due date; therefore, he has waived any objection that may have been available to him.  See CCB LLC v. Banktrust, 2010 WL 4038740, *1 (N.D. Fla. 2010) ("failure to timely move for protective order precludes objection later"); Allstate Ins. Co. v. South Harbor Joint Venture, LC, 2008 WL 4826094, *1 (S.D. Fla. 2008) (finding that the failure to timely respond or object to discovery requests waives any valid objections that may have been available); Reliance Ins. Co. v. Core Carriers, Inc., 2008 WL 2414041, *2 (M.D. Fla. 2008) ("when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived").

Thus, Defendants' Motion to Compel is due to be granted and Defendants are entitled to an award of their reasonable expenses incurred in bringing the instant Motion.[2]

### B.     Defendants' Motion for an Order to Show Cause and for Contempt

Pursuant to Federal Rule of Civil Procedure 37, the Court may impose sanctions on a party who fails to comply with a court order, including but not limited to, awarding attorneys' fees, striking pleadings in whole or in part, dismissing the action, barring entry of evidence at trial, and treating as contempt of Court the failure to obey.  Fed. R. Civ. P. 37(b)(2)(A).

Here, this Court entered an Order requiring Plaintiff to produce all documents responsive to Defendant's Request for Production of Documents for which Plaintiff has no *valid* legal objection no later than September 14, 2011.  See (Doc. 44).  On September 16, 2011, two days after the Court's deadline, Plaintiff served his responses wherein he objected to every discovery request and produced nothing.  See (Doc. 61-B).  As abovementioned, Plaintiff's objections do not constitute valid legal objections; rather, Plaintiff appears to object purely for the sake of objecting.  Plaintiffs actions demonstrate a disregard for this Court's Order and frustrate discovery.  Therefore, the Court orders Plaintiff to show cause why sanctions should not be imposed for his failure to comply with this Court's Order.

---

[2] Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel discovery is granted, the Court must award the movant's reasonable expenses incurred in making the motion, including attorneys' fees.

### III. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED:**

1. Defendants' Motion to Compel (Doc. 43) is **GRANTED in part.** The Court directs Plaintiff to produce all documents responsive to Defendant's Request for Production of Documents no later than **Thursday, September 22, 2011.** Additionally, on or before **Monday, October 3, 2011**, Plaintiff shall tender to counsel for Defendants the sum of $120.00, to compensate Defendants for the expenses incurred in bringing the instant Motion to Compel.

2. Defendants' Emergency Motion for an Order to Show Cause and for Contempt (Doc. 61) is **GRANTED in part.** Plaintiff shall show cause for his failure to comply with this Court's Order (Doc. 44) no later than **Monday, September 26, 2011.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  19th  day of September, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
*Pro Se* Plaintiff