UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Christopher A. Berman,

        Plaintiff,

vs.                              Case No. 3:10-cv-718-J-32MCR

Thomas Kafka et al.,

        Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on *Pro Se* Plaintiff's Motion for Electronic Filing (Doc. 67) filed September 21, 2011. The Administrative Procedures for Electronic Filing in Civil and Criminal Cases clearly provide for *pro se* litigants to file all documents in paper format. See Administrative Procedures at pt. III. C. Other than Court personnel and those individuals who view records in person at the Clerk's office, access to the Court's electronic filing system is established only through PACER. See Administrative Procedures at pt. V. Through PACER, Plaintiff may view the documents electronically filed in this action irrespective of whether he may file documents electronically. Plaintiff has failed to apprise the Court of the existence of a PACER account in his name. This defect is fatal to the request in Plaintiff's instant motion. In an abundance of caution the Court directs Plaintiff's attention to the public website for PACER at http://pacer.psc.uscourts.gov/index.html for additional information.[1]

---

[1]The Court refers to public websites for informational purposes only. The Court accepts
(continued...)

-1-

To the extent Plaintiff seeks leave of the Court to file documents in this case in electronic format, the Court is willing to consider a renewed motion for electronic filing, provided Plaintiff certifies compliance with each the following.  Before the Court could grant a renewed motion, the Plaintiff must provide certain information.  Accordingly, it is hereby

**ORDERED:**

1. *Pro Se* Plaintiff's Motion for Electronic Filing (Doc. 67) is **DENIED without prejudice.**

2. Plaintiff shall have up to and including Tuesday, October 11, 2011, to certify to the Court that he has read and understands the following documents:[2]

    a. Administrative Procedures for Electronic Filing in Civil and Criminal Cases, United States District Court, Middle District of Florida (Administrative Procedures);

    b. Attorney's User Manual; and

    c. E-filing Checklist.

3. The Clerk of the Court is directed to provide Plaintiff with an application for ECF access.  Plaintiff must complete and return that form to the Clerk of the Court no later than Tuesday, October 11, 2011.

4. Plaintiff shall certify to the Court no later than Tuesday, October 11, 2011

---

[1](...continued)
no responsibility for and does not endorse any content found at such websites.

[2]These documents are available at the webpage: www.flmd.uscourts.gov/cmecf/.

that he has access to the hardware and software required to use the ECF system.  The hardware and software requirements are listed in the Attorneys' User Manual that is found on the webpage: www.flmd.uscourts.gov/cmecf/.

5.	Plaintiff shall certify to the Court no later than Tuesday, October 11, 2011, that he has established and maintains a current PACER account.

6.	Upon receipt of a renewed motion, which contains the referenced information, the Court will consider whether to permit Plaintiff access to electronically file documents in this case.  If the Court decides to grant a renewed motion, it will direct the Clerk of the Court to provide Plaintiff with a username and password.  Plaintiff would be permitted to file documents in this case only.  In addition, Plaintiff's privileges to file electronically would be terminated at the conclusion of this case.

7.	If Plaintiff is granted access to the electronic filing system, he will be considered a registered participant in the system.  As such, the electronic filing of a petition, pleading, motion, or other paper in accordance with the Administrative Procedures shall serve as the Plaintiff's signature for the purposes of Rule 11, Federal Rules of Civil Procedure.  Thus, Plaintiff will make the same Rule 11 certification regardless of whether he files the document in a paper format or electronically.

8.	Plaintiff is reminded that the Court is not required to accept electronic filings from a pro se party.  See Administrative Procedures at pt. III.C.  Thus, **if** the Court grants a renewed motion for electronic filing, it will be granting Plaintiff a **privilege**.  If Plaintiff abuses this privilege in any manner, it will be revoked.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  27th  day of September, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
*Pro Se* Plaintiff