UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Christopher A. Berman,

        Plaintiff,

vs.                                       Case No.  3:10-cv-718-J-32MCR

Thomas Kafka, et al.,

        Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Affirmative Defenses (Doc. 50) filed September 6, 2011.  Defendants filed their Response in Opposition to Plaintiff's Motion on September 19, 2011 (Doc. 62).  Accordingly, this matter is now ripe for judicial review.

     A court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  However, "[a] motion to strike is a drastic remedy, which is disfavored by the courts."  Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotations omitted).  Accordingly, motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  Falzarano v. Retail Brand Alliance, Inc., 2008 U.S. Dist. LEXIS 25358, 2008 WL 899257, at *1 (S.D. Fla. 2008) (citations and internal quotations omitted).

As an initial matter, the Court notes the instant Motion is untimely.  A motion to strike must be made before responding to the challenged pleading or within twenty-one days after service of a pleading to which no responsive pleading is permitted.  Fed. R. Civ. P. 12(f).  Here, Plaintiff was served with the pleading in November 2010, and moved to strike same in September 2011.  Therefore, Plaintiff's Motion is untimely.

Additionally, the instant Motion fails to comply with Local Rule 3.01(a).  Pursuant to Rule 3.01(a), "In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a *memorandum of legal authority in support of the request* ..."  Local Rule 3.01(a), Middle District of Florida (emphasis added).  Here, Plaintiff cites no authority in support of his Motion.[1]  See (Doc. 50).

Furthermore, Plaintiff's Motion is substantively meritless and nonsensical.[2]  Accordingly, after due consideration, it is

**ORDERED:**

Plaintiff's Motion to Strike Affirmative Defenses (Doc. 50) is **DENIED.**

---

[1] This Court previously admonished Plaintiff that notwithstanding his *pro se* appearance, he is expected to familiarize himself with the Rules of this Court.  See e.g. (Docs. 10, 48).

[2] Plaintiff has filed multiple lawsuits against Defendants and/or their corporation, asserting similar facts.  Plaintiff appears to argue that because Defendants have asserted Affirmative Defenses similar to those raised in other proceedings, the same defenses are not available in this action.  Plaintiff erroneously contends that Defendants' Affirmative Defenses in this action are somehow brought by their corporation, a non-party to this action.  This argument is without merit.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  28th  day of September, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
*Pro Se* Plaintiff